IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASHLEY MARIE ELLWOOD,

                    Plaintiff,                    Civil No. 07-6225-
TC

        v.

                                                  FINDINGS  &  RECOMMENDATION

UNITED STATES OF AMERICA,
EMPLOYEES AND SUPERVISORS,
individually and personally,
L.F. LOCKART, Project
Construction Engineer for
B.O.R. Employees, Agents and
Supervisors for the B.O.R.,
Unknown John and Jane Does
1-20, including but not
limited to U.S. Forest
Service employees and
supervisors working as
agents for B.O.R.,

_____Defendants._

THE UNITED STATES OF AMERICA,

        Third-Party Plaintiff

v.

HAYWARD BAKER, INC., a Delaware
Corp. and CHRISTOPHER DUSCHIK,

        Third-Party Defendants.

_____

HAYWARD BAKER, INC., a Delaware
Corp.

        Fourth-Party Plaintiff,

ELTING INCORPORATED, an Oregon Corp.,
JOHN NICHOLSON and Unknown JOHN and
JANE DOES 1-10,
            Fourth-Party Defendants.

_____

COFFIN, Magistrate Judge:

This is a premise liability case that arises out of an All-Terrain Vehicle (ATV) accident that occurred at the Wickiup Dam Recreation Area which is owned by the United States Bureau of Reclamation.  The plaintiff has brought this claim for negligence against the United States of America and various federal agencies and employees under 28 U.S.C. § 1346(b) of the Federal Tort Claims Act.  The United States disputes liability and has brought a third-party complaint for contribution and indemnification against general contractor Hayward Baker,Inc.  Hayward Baker subsequently filed a fourth-party complaint for contribution and indemnification against Eliting, Inc. Eliting was the sub-contractor under Hayward Baker.  As previously stated, plaintiff has brought this action against the United States; plaintiff has not sued either Hayward Baker or Eliting directly.[1]

Plaintiff alleges that she was injured after the ATV on which she was a passenger was driven off a "concealed cliff" by Christopher Duschik.  Plaintiff alleges that she and Duschik were invitees on the berm where the accident took place and that Duschik drove off the cliff because the path they were on was a "well traveled ATV road that led to nowhere" and that it "ended without warning."  Plaintiff

---

[1] Christopher Duschik and the owners of the ATV were also made parties to this suit via third and fourth-party complaints; however, their presence as defendants in this action is not relevant to the motions presently before the court.

asserts that maintenance of a dangerous condition and the
lack of appropriate barricades, signage, and warnings
breached a duty of care owed by defendants.

    Defendants have filed several motions directed at
plaintiff Ellwood's complaint.  Pursuant to Fed. R. Civ P.
14 (a)(2)(C), third-party defendants may assert against
plaintiff any defense that the third-party plaintiff has to
the plaintiff's claim. Presently before the court are
third-party defendant/fourth -party plaintiff Hayward Baker
Inc.'s motion(#46) for summary judgment;  fourth-party
defendant Eliting Inc.'s motion(#40)for summary judgment;
defendant United States' motion(#51) for joinder in third-
party defendant's motion  summary judgment; defendant
United States' motion (# 52) for joinder in fourth-party
defendant's motion for summary judgment; and defendant
United States' amended motion (#63) for joinder in fourth-
party defendant's motion for  summary judgment.
Plaintiff Ellwood has also brought a  motion (#72) for
leave to file an amended complaint.


<u>Summary Judgment Standard</u>

    Summary judgment is appropriate where "there is no
genuine issue as to any material fact and . . . the moving
party is entitled to a judgment as a matter of law."  Fed.
R. Civ. P. 56(c).  The initial burden is on the moving
party to point out the absence of any genuine issue of
material fact.  Once the initial burden is satisfied, the
burden shifts to the opponent to demonstrate through the

production of probative evidence that there remains an
issue of fact to be tried.  Celotex Corp. v. Catrett, 477
U.S. 317, 323 (1986).  Rule 56(c) mandates the entry of
summary judgment against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party
will bear the burden of proof at trial.  In such a
situation, there can be "no genuine issue as to any
material fact," since a complete failure of proof
concerning an essential element of the nonmoving party's
case necessarily renders all other facts immaterial.  The
moving party is "entitled to a judgment as a matter of law"
because the nonmoving party has failed to make a sufficient
showing on an essential element of her case with respect to
which she has the burden of proof.  Id. at 32.  There is
also no genuine issue of fact if, on the record taken as a
whole, a rational trier of fact could not find in favor of
the party opposing the motion.  Matsushita Elec. Indus. Co.
v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348,
1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt
as to the existence of a genuine issue of fact should be
resolved against the moving party.  Hector v. Wiens, 533
F.2d 429, 432 (9th Cir. 1976).  The inferences drawn from
the underlying facts must be viewed in the light most
favorable to the party opposing the motion.  Valadingham v.
Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).  Where
different ultimate inferences may be drawn, summary

judgment is inappropriate.  <u>Sankovich v. Insurance Co. of
North America</u>, 638 F.2d 136, 140 (9th Cir. 1981).


<u>Discussion</u>

<u>Plaintiff's Claims Against the United States Are Barred by
the Recreational Immunity Statutes</u>

The United States owns the land where the recreational
accident in this case occurred.  As such, plaintiff's
claims against the United States are barred by the
applicable recreational immunity statutes.

As stated in ORS 105.676, "it is public policy of the
State of Oregon to encourage owners of land to make their
land available to members of the public for recreational
purposes ... by limiting their liability toward persons
entering thereon for such purposes."

ORS 105.682(1) provides, in pertinent part,

> [A]n owner of land is not liable in
> contract or in tort for any personal
> injury, death, or property damage that
> arises out of the use of the land for
> recreational purposes...when the owner of
> the land either directly or indirectly
> permits any person to use the land for
> recreational purposes....

Recreational immunity is afforded to any landowner
who "makes no charge for permission to use the land."  ORS
105.688 (2)(a).  "Charge" is defined as "[t]he admission

price or fee asked by the owner in return for permission to
enter or go upon the owner's land."  ORS 105.672(1).

Plaintiff Ellwood was clearly using the property for
recreational purposes while riding on the back of an ATV
driven by Chritopehr Duschik.  The United States did not
charge plaintiff Ellwood, a member of the general public,
an admission fee to use the Wickiup Dam area.  A fee is
only charged to those who choose to camp overnight near the
property. The United States did not charge plaintiff or her
companions a general  admission fee for permission to enter
or go upon the land, and, as such, recreational immunity is
applicable.  See Coleman v. Oregon Parks Recreation
Department, 221 Or. App. 484, 491 (2008)

Plaintiff argues that the United States required ATV
operators to have a operating permit from the State of
Oregon and that some funds received by the State of Oregon
for the permits were given to the United States for ATV
trails and that such amounts to a "charge" by the United
States. However, ATV permit fees paid to the State of
Oregon are not a "charge" as  ORS 105.672 (1)(a) defines  a
charge as "an admission price or fee asked by any owner in
return for permission to enter of go upon the owner's
land." Id. (emphasis added).  As the fee was not asked by
the United States, the owner,  it is not a "charge" and
recreational immunity is applicable. Moreover, the United
States received no grants or distributions from the State
of Oregon for the development or maintenance of ATV trails
in the Wickiup Dam area.  In addition, a substantial part

6 - FINDINGS & RECOMMENDATION

of plaintiff's arguments rely upon a 2007 revision of the language in ORS 105.672(1). The revision relates, among other things, to the definition of "charge" and deletes the language "fee asked by any owner" and replaces it with "fee requested or expected by an owner." Such language is not retroactive and is not applicable to plaintiff's accident in 2003. See ORS 105.672(1)(a-b) and notes thereto.[2]

Based on the above, the United States should be dismissed from this action. In view of the fact the United States should be dismissed, the third and fourth- party complaints, which are based on derivative liability, are moot and should dismissed without prejudice.


Plaintiff's Motion to Amend

Plaintiff moves to amend the complaint to sue certain defendants directly.

Fed. R. Civ P. 15 provides that after a responsive pleading has been filed, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Whether to grant or deny a motion to

---

[2]Plaintiff also cites Ducey v. United States, 713 F.2d 504 (9th Cir. 1983) for its analysis of Nevada's recreational use law. However, plaintiff ignores the Ducey Court's explicit warning that "case law pertaining to the recreational use statutes of other jurisdictions must be viewed cautiously because of variations from statute to statute." Id. at 514. Reliance on Nevada's statute and Ducey is misplaced and not persuasive in the circumstances of this case. See p. 4 of Hayward's Reply (#68).

amend the pleadings is a matter of the court's discretion.
Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997).
Factors considered in whether to grant a motion to amend
include undue delay, bad faith, prejudice to the opposing
party, and futility of amendment.  Bonin v. Calderon, 59
F.3d 815, 845 (9th Cir. 1995), cert denied, 516 U.S.
1051(1996).

   In light of the factors and the circumstances of this
case, this court exercises its discretion and finds that
the amendment should be allowed.  Because any  futility of
the amendment is not clear, defendants' arguments related
to futility may be raised in motions against the amended
complaint.

   All of the parties' other arguments relating to the
motions before this court have been considered and found
unpersuasive unless otherwise noted.

Conclusion

   Defendant United States' motion(#51) for joinder in
third-party defendant's motion for summary judgment and
defendant United States' motion and amended motion (# 52
and #63) for joinder in fourth-party defendant's motion for
summary judgment should be allowed, summary judgment in
favor of the United States should granted and the United
States should be dismissed.

   Third-party defendant/fourth -party plaintiff Hayward
Baker Inc.'s motion(#46) for summary judgment and fourth-
party defendant Eliting Inc.'s motion(#40)for summary
judgment should be allowed to the extent the third and

fourth party complaints should be dismissed without prejudice and third-party defendant/fourth party plaintiff Hayward Baker Inc. should be dismissed and fourth-party defendant Eliting Inc. should be dismissed.

Plaintiff Ellwood's motion (#72) for leave to file an amended complaint should be allowed.

DATED this ___13T___ day of August, 2009.

_____
THOMAS M. COFFIN
United States Magistrate Judge

9 - FINDINGS & RECOMMENDATION