FILED '10 SEP 01 16:55 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ASHLEY ELLWOOD,                                                    07-CV-6225-TC

                          Plaintiff,

          v.                                        FINDINGS AND RECOMMENDATION

L.L. LOCKHART, PROJECT
CONSTRUCTION ENGINEER FOR
HAYWARD BAKER, INC., and HAYWARD
BAKER, INC.,  a Delaware Corp.,
                          Defendants.

COFFIN, Magistrate Judge:

   This is a personal injury action arising from an August 30, 2003 ATV accident that occurred on

federal land at the Wickiup Dam recreation area in Dechutes County , Oregon.  Plaintiff was a

passenger on an ATV driven by Christopher Duschik and was injured when Duschick drove the ATV

over  the edge of a a berm and landed on a pile of rocks.  The recreation area was open for

recreational use free of charge.  It was owned by the United States and maintained by the Bureau of

Reclamation and the United States Forest Service.  At the time of the accident, current defendant

Haywad Baker Inc. had been engaged as a general contractor by the Bureau of Reclamantion to

Page 1 - FINDINGS AND RECOMMENDATION

reinforce the dam structure in the area where the accident occurred.

On May 29, 2007, plaintiff filed her original lawsuit against the United States Bureau of Reclamation. In turn, the United States brought a third-party complaint against Hayward Baker seeking indemnity and contribution. Hayward Baker brought a fourth-party complaint against its subcontractor Elting, Inc., driver Duschik, and ATV owner John Nicholson, also seeking indemnity and contribution. All defendants joined a motion for summary judgment against plaintiff asserting that the United States was entitled to recreational immunity and that plaintiff's claims and all derivative third and fourth-party claims should be dismissed.

This court determined that all of plaintiff's claims against the United States and the derivative claims were barred by Oregon's recreational immunity statutes, ORS 105.652 et seq. (F & R (#88) adopted by Order (#94)).

At the time of the court's ruling, plaintiff had not asserted any direct claims against Hayward Baker. Plaintiff's motion to amend to do so was allowed. It was not until December 17, 2009, when the First Amended Complaint was filed, that plaintiff for the first time alleged direct negligence claims against Hayward Baker and its employee L.F. Lockhart.

A motion for summary judgment from Hayward Baker and L.F. Lockhart (defendants) is presently before the court. The motion should be allowed as plaintiff did not timely file her new direct negligence claims within the applicable limitations period.

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. <u>Anderson v. Liberty Lobby,</u> <u>Inc.</u>, 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. <u>Id.</u>; <u>see</u> <u>also</u>, <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1409 (9th Cir. 1991); <u>Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. <u>Anderson</u>, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. <u>Id.</u>

### Discussion

Plaintiff does not dispute that the applicable statute of limitations in the present matter is two years. Plaintiff argues that the discovery rule and/or the doctrine of relation back precludes defendants' motion for summary judgment made on the basis of the limitations period. However, as discussed below, these arguments fail due to the timing of plaintiff's actual notice and discovery

Page 3 - FINDINGS AND RECOMMENDATION

of Hayward Baker's involvement in the alleged negligence in relation to the timing of the filing of plaintiff's claims against Hayward Baker.

On February 26, 2004, one of plaintiff's attorneys, Marc Andersen, served a Freedom of Information Act (FOIA) request on the United States requesting information as to all contractors working at the accident site and "the name of the contractor, subcontactor or government agency responsible for signage at the site to warn recreational users of potential hazards or dangerous areas." Exh. E to Declaration of Ukishima (#113).

On March 23, 2004, the United States issued a response letter to the FOIA request which indicated that Hayward Baker was the prime contractor along with detailed weekly reports from the government's engineer and a written statement from Hayward Baker's project superintendent Lockhart regarding plaintiff's accident. Id. at Exh F. The latter was printed on Hayward Baker stationary with "HAYWARD BAKER" in bold letters at the top . Id. at p. 3. It included a discussion of safety signage and other safety measures and noted that, "[c]ollectively, Hayward Baker Inc., Eliting Inc., and the Bureau of Reclamation have always been very concerned about public safety and very diligent in making sure that all reasonable precautions have been taken to protect the public on this project." Id. As such, plaintiff actually knew of Hayward Baker and its involvement in the alleged negligence on March 23, 2004 and , accordingly, plaintiff was required to file against Hayward Baker by March 23, 2006. See ORS 12.110(1). Plaintiff's claims are barred as she did not file claims against Hayward Baker until December 17, 2009.

Plaintiff argues that it did not know and could not have known that Hayward Baker was responsible for plaintiff's injuries until December 12, 2006. December 12, 2006 is the date the United States sent plaintiff a letter denying her tort claim and stating that if there was negligence,

it must be attributable to the contractor working for the government that marked the roads and that the independent contractor exception would shield the government from liability.

Plaintiff's argument fails as the starting of a statute of limitations period cannot await plaintiff's subjective awareness of a specific theory of liability. See United States v. Kubrick, 100 S.Ct. 352, 360 (1979); Duyck v. Tualatin Valley Irrigation District, 304 Or. 151, 163 (1987) (limitations period not suspended until plaintiff knows of culpability and not suspended to allow plaintiff to develop all the facts to support or identify a theory of recovery).    As detailed above, plaintiff had more than adequate information regarding Hayward Baker's role in the accident to start the statute of limitations running on March 23, 2004 and bring claims against Hayward Baker by March 23, 2006.

The claims against Hayward Baker cannot relate back to the original complaint filed on May 29, 2007 because the statute of limitations on the claims had run on March 23, 2006, prior to the filing of the original complaint.

Given that plaintiff's negligence claims are time barred, this court need not reach defendants' motion for summary judgment based on the recreational immunity statutes.

## Conclusion

Defendants' motion (#110) for summary judgment should be allowed and this action should be dismissed.

DATED this __15t__ day of September, 2010 .

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION