IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASHLEY MARIE ELLWOOD,<br><br>      Plaintiff,<br><br> v.<br><br>L.F. LOCKHART, Project Construction Engineer for Hayward Baker Inc., and HAYWARD BAKER, INC., a Delaware Corp.,<br><br>      Defendants. | Civ. No. 07-6225-TC<br><br>ORDER |

Gordon L. Welborn
Rodney K. Norton
Erika L. Wilson
HOFFMAN, HART & WAGNER LLP
439 SW Umatilla Avenue
Redmond, Oregon 97756
 Attorneys for Plaintiff

Dennis N. Freed
Mathew g. Ukishima
Taylor R. Halvik
SMITH FREED & EBERHARD PC
111 SW Fifth Avenue, 43rd Floor
Portland, Oregon 97204
 Attorneys for Defendants

-1- ORDER

Aiken, Chief Judge:

Magistrate Judge Coffin filed his Findings and Recommendation on September 1, 2010. Magistrate Judge Coffin recommends that defendant Hayward Baker's Motion for Summary Judgment be granted because plaintiff's negligence claims are time barred. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

## Standard

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Plaintiff filed timely objections to the Findings and Recommendation, and therefore, I have given de novo review of Magistrate Judge Coffin's ruling.

## Discussion

Plaintiff objects to Magistrate Judge Coffin's recommendation that the Court grant defendant Hayward Baker's motion for summary judgment. Specifically, plaintiff objects to four related findings: 1) that upon receiving information per her Freedom of Information Act (FOIA) request, plaintiff knew as a matter of law of Hayward Baker's involvement; 2) that plaintiff had adequate information to start the statute of limitations running on March 23, 2004; 3) that plaintiff could not relate her

claims against Hayward Baker back to her original complaint filed May 29, 2007; and 4) that summary judgment based upon the recreational immunity statutes need not be decided. I find no error in the any of Magistrate Judge Coffin's findings or recommendations.

Plaintiff primarily argues that Magistrate Judge Coffin erred in concluding that the statute of limitations began running on March 23, 2004, when plaintiff received a FOIA response from the government identifying Hayward Baker as the prime contractor. The statute of limitations begins running once the plaintiff knows or through the exercise of reasonable care should have known that the defendant committed negligence against her. Widing v. Schwab, Williamson & Wyatt, 154 Or. App. 276, 282-283, 961 P.2d 889 (1998) (quoting Gaston v. Parsons, 318 Or. 247, 256, 864 P.2d 1319 (1994)); see also United States v. Kubrick, 444 U.S. 111, 123 (1979) (statute of limitations begins running once plaintiff knows of the injury and who caused the injury).

Here, plaintiff argues that she did not know, and could not have known, of Hayward Baker's involvement and reasonably believed Hayward Baker was a government employee, thus preventing the statute of limitations from beginning on March 23, 2004. The government's FOIA response provided plaintiff with Hayward Baker's incident report, pictures of the construction site, the resident engineer's weekly reports, and the traffic control reports. Decl. of Matthew Ukishima, Ex. F, p. 1-2. The

-3-    ORDER

government provided plaintiff with weekly engineer reports to help plaintiff determine who were the contractors, sub-contractors, and government agencies involved with the construction site because the government did not maintain a list. Id. The government advised plaintiff that she could determine who the contractors were by reading the weekly reports. Nothing in the government's response or in the weekly reports suggested that Hayward Baker was a government employee. Rather, these reports indicated that Hayward Baker was the prime contractor for the site. The reports also referred to Hayward Baker and the Bureau of Reclamation as working collectively to ensure safety. Id. at 3. This statement is yet another factor which alerts plaintiff to Hayward Baker's involvement with the safety of the site and of its status as an independent contractor. Further, plaintiff was provided with Hayward Baker's incident report that was typed on Hayward Baker letterhead. Accordingly, had plaintiff exercised reasonable care, she should have known Hayward Baker was an independent contractor and not a government employee on March 23, 2004 when she received the government's FOIA response.

Plaintiff's remaining objections all rely upon the argument that the statute of limitations did not begin running on March 23, 2004. Because I do not find that Magistrate Judge Coffin erred in making that conclusion, I find no need to address plaintiff's remaining objections.

-4-   ORDER

## Conclusion

THEREFORE, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 133) filed September 1, 2010, is ADOPTED. Defendants' Motion for Summary Judgment (doc. 110) is GRANTED.

IT IS SO ORDERED.

Dated this 8 day of December, 2010.

_____
Ann Aiken
United States District Judge